# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Michigan Republican Party, *et al*

        Plaintiffs,

v                          Case No.:  19-cv-00669-JTN-ESC

Jocelyn Benson, in her official capacity as       Hon. Janet T. Neff
Michigan Secretary of State,             Magistrate Judge Ellen S. Carmody

        Defendant,

and

Count MI Vote, d/b/a Voters Not Politicians,

        Intervenor-Defendant.

## INTERVENOR-DEFENDANT'S REQUEST
## FOR A PRE-MOTION CONFERENCE

On September 6, 2019, the Court granted leave to Voters Not Politicians to intervene in this matter.  (PageID#171).  Voters Not Politicians contends that the Complaint in this matter should be dismissed in its entirety, and as such, it requests a pre-motion conference to determine a briefing schedule for the filing of dispositive motions.[1]  In particular, Voters Not Politicians proposes to file a Motion to Dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), for the reasons outlined below.   Voters Not Politicians respectfully requests that when the Court sets the briefing schedule for its Motion to Dismiss, the Court also establish a briefing schedule with regard to Plaintiffs' Motion for Preliminary Injunction.

With regard to the jurisdictional argument, the individual Plaintiffs lack standing because the relief they request would not redress their alleged injury; consequently, they merely

---

[1] Defendant Benson has made a similar request for a pre-motion conference.  (ECF No. 17).

assert a generalized grievance shared by all who opposed the approval of Proposal 18-2.  As the prayer for relief in the Complaint makes clear, the individual Plaintiffs are not seeking a remedy that would allow them an opportunity to serve on the Commission. Instead, they are seeking to prevent any implementation or use of the Commission to accomplish the purpose that the voters of Michigan intended. This, in turn, provides irrefutable proof that none of the individual Plaintiffs are asserting an individualized grievance; they are instead asserting, and seeking a remedy for, a generalized grievance shared by everyone who voted "no" on Proposal 18-2.

Furthermore, Plaintiffs' claims fail on the merits because none of them have shown any violation of their First or Fourteenth Amendment rights. As for the individual plaintiffs, to the extent their complaint is that they are barred from service on the Commission, Mich. Const., art IV, § 6 does nothing more than to exclude from service on the Commission those individuals most likely to have a conflict of interest or the appearance of a conflict of interest.  Laws that disqualify individuals with conflicts of interest, or the appearance thereof, from participating in governmental decision making simply do not implicate the First Amendment.  See e.g., *Nevada Commission on Ethics v. Carrigan*, 564 U.S. 117; 131 S.Ct. 2343; 180 L.Ed.2d 150 (2011) (rejecting a First Amendment challenge to Nevada's law requiring legislators to recuse themselves from voting on, or advocating for passage or defeat of, matters with which they had a conflict of interest).  Indeed, the Supreme Court has specifically acknowledged the importance of limiting the inherent conflict of interest that exists in the redistricting process: "[i]ndependent redistricting commissions . . . have succeeded to a great degree [in limiting the conflict of interest implicit in legislative control over redistricting] . . . by imped[ing] legislators from choosing their voters instead of facilitating the voters' choice of their representatives."  *Ariz.*

*State Legislature v. Ariz. Indep. Redistricting Comm'n*, 135 S.Ct. 2652, 2676; 192 L.Ed.2d 2652 (2015) (brackets in original).

Simply put, excluding the individual Plaintiffs from serving on the Independent Redistricting Commission because of their conflict of interests, or the appearance thereof, while allowing them to participate in every other aspect of the redistricting process, does not violate the individual Plaintiffs' free speech rights or associational rights under the First Amendment. Moreover, the fact that the Commission was not established to be a partisan political entity in no way implicates the Michigan Republican Party's First Amendment rights.

The Michigan Republican Party is also unable to establish an infringement of First Amendment Rights. The Republican Party erroneously contends that the Independent Redistricting Commission created by Mich. Const., art IV, § 6 somehow burdens its associational rights under the First Amendment because the individuals who are chosen to serve on the commission are not those selected as the Party's "standard bearers." However, the Independent Citizens Redistricting Commission was not intended or established to be a partisan political entity, and thus, service on the Commission is not a partisan political office. Nor was service on the Commission or performance of its duties designed or intended to serve a representative function for advancement of the political interests of any political party. Indeed, the structure of the Commission was specifically intended to prevent domination by any political party.

Plaintiffs' equal protection claims fail for these same reasons. Plaintiffs rest most of their equal protection arguments on their quibbles with various categories of people who are either permitted or disqualified from serving on the Commission. Plaintiffs, however, are not

members of any protected class, nor have they been treated differently based on their exercise of a fundamental right.

The Republican Party's argument that it has somehow been discriminated against and thereby denied equal protection of the law because more positions are reserved for candidates unaffiliated with either major party is equally unavailing.  Under the new constitutional provisions at issue, applicants for selection to serve on the Commission are required to identify their affiliation with either of the two major political parties or their non-affiliation with either of those parties.  This information is required and collected for the sole purpose of assigning applicants to the appropriate pool of candidates to ensure that the Commission will have the desired diversity of political viewpoints and cannot be controlled or dominated by any single political party.  The new constitutional provisions at issue do not discriminate against the Republican Party or its members or diminish their viewpoints by providing for selection of four Commissioners affiliated with the Republican Party, four members affiliated with the Democratic Party, and five members who are unaffiliated with any political party or affiliated with any one or more of all of the remaining political parties. It should be noted, in this regard, that the votes of the five independent Commissioners will not be sufficient for adoption of a redistricting plan by a majority vote of politically diverse members, as required by the new Article IV, § 6 (14)(c).  Plaintiffs' equal protection claims are entirely meritless.

Finally, even if Plaintiffs had identified an infringement upon a cognizable right (and they have not), Michigan has a compelling interest in enforcing the membership qualifications for the Independent Redistricting Commission.   Indeed, courts have routinely recognized that states have compelling interests advanced by laws limiting government officials' political activities or precluding government service based on prior political activities. See e.g., *Citizens*

*for Legislative Choice v. Miller,* 144 F.3d 916, 923 (6th Cir. 1998) (upholding Michigan's lifetime term limits for state legislators given Michigan's "fundamental interest in structuring its government.")

The constitutional amendment at issue in the case at bar excludes applicants who are officeholders, candidates, or those financially tied to officeholders and candidates. The exclusions are necessary to maintain the integrity of the electoral system by ensuring that districts are drawn in a manner that is based upon partisan fairness and without regard to incumbency, by a politically-neutral Commission which cannot be controlled or dominated by any political party. These compelling interests can only be advanced by excluding from the Commission those whose interests are advanced by drawing districts that benefit their own political and financial interests instead of fostering a functioning representative democracy.

<u>**CONCLUSION**</u>

Intervenor-Defendant Voters Not Politicians respectfully requests that this Honorable Court, with or without a pre-motion conference, establish a briefing schedule under which Voters Not Politicians is permitted to file its motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(c) as discussed above and for the reasons that will be more fully developed in that dispositive motion.

*Respectfully submitted*,

**Fraser Trebilcock Davis & Dunlap, P.C.**
Attorneys for Intervenor-Defendant
Count MI Vote, d/b/a Voters Not Politicians

Dated:  September 10, 2019        By: */s/ Graham K. Crabtree*
                                                Peter D. Houk (P15155)
                                                Graham K. Crabtree (P31590)
                                                Jonathan E. Raven (P25390)
                                                Ryan K. Kauffman (P65357)
                                                124 W. Allegan, Suite 1000
                                                Lansing, Michigan 48933
                                                (517) 482-5800

AND

Paul M. Smith
Mark Gaber
Campaign Legal Center
1101 14th Street N.W., Suite 400
Washington D.C. 20005

Annabelle Harless
73 W. Monroe Street, Suite 302
Chicago, Illinois 60603

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

*Respectfully submitted*,

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorneys for Intervenor- Count MI Vote
d/b/a Voters Not Politicians

Dated: September 10, 2019     By: */s/ Graham K. Crabtree*
Graham K. Crabtree (P31590)
124 W. Allegan, Suite 1000
Lansing, Michigan 48933
(517) 482-5800