UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DAUNT, et al.,

    Plaintiffs,   Case No. 1:19-cv-614 (Lead)

v.

JOCELYN BENSON, in her official capacity as Michigan Secretary of State,

    Defendant,
and

COUNT MI VOTE d/b/a VOTERS NOT POLITICIANS,

    Intervenor-Defendant.
_____

MICHIGAN REPUBLICAN PARTY, et al.,

    Plaintiffs,   Case No. 1:19-cv-669
v.   (Member)

JOCELYN BENSON, in her official capacity as Michigan Secretary of State,

    Defendant,   HON. JANET T. NEFF
and

COUNT MI VOTE d/b/a VOTERS NOT POLITICIANS,

    Intervenor-Defendant.
_____/

**INTERVENOR-DEFENDANT VOTERS NOT POLITICIANS'
MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS
PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(c)
(DOCKET NO. 1:19-cv-614)**

**ORAL ARGUMENT REQUESTED**

NOW COMES Intervenor-Defendant Count MI Vote, d/b/a Voters Not Politicians ("Voters Not Politicians"), a Michigan non-profit corporation, by and through its attorneys, Fraser Trebilcock Davis & Dunlap, P.C. and the Campaign Legal Center, bringing this Motion to Dismiss and for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(b)(1) and 12(c) in the case of *Anthony Daunt, et al. v. Jocelyn Benson, et al.* (Docket No. 1:19-cv-614), and in support of its motion, states the following:

1.  Plaintiffs' Complaint for Declaratory and Injunctive Relief in this case (Docket No. 1:19-cv-614) asks this Court to render a declaratory ruling that Plaintiffs are being denied their rights of free speech and association and their right to petition the government guaranteed under the First Amendment, and their right to equal protection of the law guaranteed under the Fourteenth Amendment, by the constitutional qualifications for selection to serve as a member of the new Independent Citizens Redistricting Commission created by the voters' approval of Proposal 18-2 in the last general election.

2.  In their Complaint and the Declarations accompanying their pending Motion for Preliminary Injunction in this case, Plaintiffs have expressed a desire to serve on the new Commission and represented that they would make application for appointment to do so but-for the challenged restrictions, but their Complaint and Motion for Preliminary Injunction have asked the Court to enjoin Defendant Secretary of State from taking any action for implementation of the new Commission, thus rendering it a nullity.

3.  By this motion, Intervenor-Defendant Voters Not Politicians requests that Plaintiffs' Complaint be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), but also requests that the Court address Plaintiffs' constitutional challenges and grant a final judgment in favor of the Defendant and Intervenor-Defendant on the pleadings

pursuant to Fed. R. Civ. P. 12(c) as an additional, separate form of relief in order to facilitate complete and efficient final adjudication and review of all of the issues presented in this matter.

4. As explained in the accompanying brief, the Plaintiffs lack Article III standing to raise the constitutional challenges asserted in this case because those challenges assert generalized grievances and the relief that they have requested will not serve to remedy the injury that they have alleged. Plaintiffs' Complaint should therefore be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

5. As explained in the accompanying brief, the Plaintiffs' Complaint has failed to state a claim for which relief can be granted because the allegations stated therein have not established, and cannot establish, a denial or infringement of any rights guaranteed under the First Amendment or the Equal Protection Clause of the Fourteenth Amendment. Judgment should therefore be granted in favor of the Defendant and Intervenor-Defendant on the pleadings pursuant to Fed. R. Civ. P. 12(c).

WHEREFORE, Intervenor-Defendant Count MI Vote, d/b/a Voters Not Politicians respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and that upon consideration of Plaintiffs' constitutional challenges, the Court also grant a final judgment in favor of the Defendant and Intervenor-Defendant on the pleadings pursuant to Fed. R. Civ. P. 12(c).

*Respectfully submitted*,

Fraser Trebilcock Davis & Dunlap, P.C.
Attorneys for Intervenor-Defendant
Count MI Vote, d/b/a Voters Not Politicians

Dated: September 19, 2019        By: */s/ Graham K. Crabtree*
Peter D. Houk (P15155)
Graham K. Crabtree (P31590)
Jonathan E. Raven (P25390)
Ryan K. Kauffman (P65357)

124 W. Allegan, Suite 1000
Lansing, Michigan 48933
(517) 482-5800

and

Paul M. Smith
Mark Gaber
Campaign Legal Center
1101 14th Street N.W., Suite 400
Washington D.C. 20005

Annabelle Harless
73 W. Monroe Street, Suite 302
Chicago, Illinois 60603

## CERTIFICATE OF SERVICE

      I hereby certify that on September 19, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

*Respectfully submitted*,

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorneys for Intervenor-Defendant
Count MI Vote d/b/a Voters Not Politicians

Dated: September 19, 2019    By: */s/ Graham K. Crabtree*
                                          Graham K. Crabtree (P31590)
                                          124 W. Allegan, Suite 1000
                                          Lansing, Michigan 48933
                                          (517) 482-5800